UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWIN CRUZ

v.  C.A. No. 09-523 ML

A.T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Edwin Cruz, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against ACI employees A.T. Wall, Nancy Bailey, James Weeden, Michelle Auger, Tony Amaral, Bert Lachmann, William Begones, Robert Sayles, and Officer Petricelli (Docket # 1). Plaintiff alleges defendants violated his right by subjecting him to unsafe and unsanitary living conditions. This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The following background is based on allegations plaintiff makes in the Complaint. Plaintiff is an inmate housed in the High Security Center (the "HSC") at the ACI. Plaintiff claims that at the HSC (1) the food is served in nutritionally inadequate portions and stored in unsanitary conditions; (2) there is a lack of fire safety because there are no sprinklers in the cells; and (3) he is inhaling "toxic and noxious fumes which is enhanced due to the inadequate ventilation system." Cmpt. p. 3. He further states that he spoke with each of the defendants, except Lachmann and Petrocelli, about his complaints, but they failed to respond, and that defendants have acted with "deliberate indifference to making [the HSC] a habilitative (sic) environment." *Id.*

1

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for the same reason. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); Fed.R.Civ.P. 8(a)(2).

### II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a federal constitutional or statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although defendants were acting under state law, plaintiff has failed to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

### III. Eighth Amendment

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1974)(quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Prison officials must provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Id.*, 511 U.S. at 832 (citation omitted). To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective

component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).

Plaintiff's conditions-of-confinement claims here fail on several accounts. First, although the Eighth Amendment requires that "inmates be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it,'" *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985)(citations omitted), plaintiff's bald assertions that the food is nutritionally inadequate are not sufficiently serious to assert a constitutional violation. Plaintiff does not provide any details describing how the food provided is nutritionally inadequate or indicate any adverse health effects as a result of the food. *See Chase v. Quick*, 596 F.Supp. 33, 34 (D.R.I. 1984)(prisoner's Eighth Amendment claim alleging unsanitary eating conditions failed because plaintiff did not assert specific instances of hunger, food-poisoning, or malnutrition resulting from consumption of the food at ACI); *see also Gallimore v. McPeak*, No.7:07CV00573, 2008 WL 112041, at *2 (W.D.Va. Jan. 9, 2008)(to state a claim "plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health")(citations omitted). Accordingly, plaintiff has not plead adequate facts to move his claim of constitutionally inadequate food "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951 (citation omitted).

Second, although "[t]here is no question that fire safety is a legitimate concern under the Eighth Amendment [and] [p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement ...[,] not every deviation from ideally safe conditions constitutes a violation of the constitution." *Santana v. Collazo*, 714 F.2d 1172, 1183 (1983)(citations omitted). Here, plaintiff has failed to provide an adequate factual predicate to state an Eighth Amendment claim. *See Hunnewell v. Warden, Me. State Prison*, 19 F.3d 7, at *4 (1st Cir. 1994)(plaintiff's conclusory statement that his cell was unsafe due to fire hazards fails to state a claim where he does not address the existence of fire detectors, fire extinguishers, or an evacuation plan).

Third, plaintiff's claims regarding inadequate ventilation and noxious fumes are not sufficiently serious to satisfy the objective component of the Eighth Amendment test. Plaintiff does not allege any injury as a result of the conditions, and his bald assertions that there are

"toxic" fumes need not be credited. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Additionally, the existence of noxious smelling fumes does not amount to "an excessive risk" to the present or future health or safety of the inmates. *See, e.g., Shrader*, 761 F.2d at 983-84 (prisoner's allegations including leaking ceilings and a shower area covered in rust, mold, and mildew were constitutionally insignificant); *Flaherty v. Cunningham*, No. 93-216, 1994 WL 485751, at * 2 (D.N.H. Sept. 2, 1994)(inmates' Eighth Amendment claims regarding poor air quality and absence of fresh fruit fail where inmates did not aver sufficient facts demonstrating present or potential future harm); *see also Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)("The Constitution ... 'does not mandate comfortable prisons,' ... and only those deprivations denying 'the minimal civilized measure of life's necessities,'... are sufficiently grave to form the basis of an Eighth Amendment violation")(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 & 349, 101 S.Ct. 2392 (1981)).

Accordingly, as plaintiff's claims regarding the conditions of his confinement fail to meet the objective component of an Eighth Amendment claim, I recommend such claims be dismissed.

## CONCLUSION

For the reasons set forth above, I recommend the Complaint be DISMISSED for failure to state a claim on which relief may be granted. Additionally, having recommended the dismissal of all claims in the Complaint, I further recommend that plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
February 9, 2010